## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 27 2019, 11:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael D. Himes, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 27, 2019 <br><br> Court of Appeals Case No. 19A-CR-882 <br><br> Appeal from the Rush Superior Court <br><br> The Honorable Brian D. Hill, Judge <br><br> Trial Court Cause No. 70D01-1712-F5-1083 |

**Bailey, Judge.**

# Case Summary

[1] Michael D. Himes, Jr. challenges the sentence imposed upon his conviction of Burglary, as a Level 5 felony,[1] enhanced due to his status as a habitual offender.[2] He presents the sole issue of whether his aggregate nine-year sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] On December 19, 2017, Himes and an accomplice broke into a wireless communications store in Rushville, Indiana and stole more than $6,000.00 worth of merchandise. The pair fled at a high rate of speed in a distinctive vehicle, a former police vehicle with a spotlight attached to one side. They were soon apprehended.

[3] On the following day, Himes was charged with Burglary, Theft, and Possession of Marijuana. The State also alleged him to be a habitual offender. On March 13, 2019, a jury found Himes guilty of Burglary and Theft. He admitted his status as a habitual offender. The trial court vacated the judgment of conviction for the Theft count, and sentenced Himes to five years imprisonment for Burglary, enhanced by four years due to his habitual offender status. Himes now appeals.

---

[1] Ind. Code § 35-43-2-1.

[2] I.C. § 35-50-2-8.

# Discussion and Decision

[4] Pursuant to Indiana Code Section 35-50-2-6, a person who commits a Level 5 felony faces a sentence of between one and six years, with an advisory sentence of three years. Pursuant to Indiana Code Section 35-50-2-8, a person convicted of a Level 5 felony and found to be a habitual offender is subject to an additional term of two years to six years. Accordingly, Himes faced a sentence of three years to twelve years. He received an aggregate sentence of nine years.

[5] Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225. The "considerable deference" given to the trial court's sentencing judgment "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015) (citing *Cardwell*, 895 N.E.2d at 1222).

[6] As for the nature of the offense, Himes and his accomplice gained entry to a store by smashing the front window. They ripped display counters from the wall, taking possession of approximately $6,253.70 of merchandise. They fled in a vehicle reported as stolen. Himes points out that his offense was non-violent; however, he was not being sentenced for a violent offense.

[7] As for Himes's character, he has a significant criminal history. He has four felony and two misdemeanor convictions (for Resisting Law Enforcement and multiple counts of Theft and Auto Theft). He has twice violated the terms of his probation. He also violated the terms of his home detention. While out on bond in this case, Himes was arrested on charges of Theft, Possession of Marijuana, and False Informing.

[8] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the aggregate sentence of nine years does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

[9] Affirmed.

Kirsch, J., and Mathias, J., concur.